UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 2:16-cr-20
HON. PAUL L. MALONEY

PATRICK ROY WANDAHSEGA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Patrick Roy Wandahsega is charged with two counts of sexually abusing a child under the age of twelve. These charges allege that the Defendant anally penetrated his six year old son—H.W.—in December of 2015. H.W. is now eight years old. The Government filed a motion to permit H.W. to testify via two-way closed circuit television at trial under 18 U.S.C. § 3509. (ECF No. 41). At a hearing, the undersigned questioned H.W in chambers, heard testimony from the Government's expert witness—Fran Waters, and watched a video presented by defense counsel. For the reasons stated below, the undersigned recommends that the Government's motion be granted and the testimony of H.W. be presented by two-way closed circuit television in accordance with 18 U.S.C. § 3509.

Under 18 U.S.C. § 3509(b)(1)(B), the court may permit a child to testify via two-way closed circuit television "if the court finds that the child is unable to testify in open court in the presence of the defendant, for any of the following reasons":

    (i) The child is unable to testify because of fear.

    (ii) There is a substantial likelihood, established by expert testimony, that the child would suffer emotional trauma from testifying.

> (iii) The child suffers a mental or other infirmity.
>
> (iv) Conduct by defendant or defense counsel causes the child to be unable to continue testifying.

In evaluating these factors, the court may conduct an *in camera* interview of the child to assess whether one of the factors "is so substantial as to justify" an order to permit a child to testify via closed circuit television. 18 U.S.C § 3509(b)(1)(C). The court must make specific findings on the record to support its ruling. *Id.* Although there is no binding precedent in the Sixth Circuit, courts have applied a preponderance of the evidence standard to 3509(b)(1)(b). *See United States v. Carrier*, 9 F.3d 867, 871 (10th Cir. 1993); *United States v. Partin*, 2014 WL 2831665 (M.D. Ala. June 23, 2014).

In this case, the Government argues that H.M. should be able to testify by closed circuit television because (1) the child is unable to testify because of fear, and (2) there is a substantial likelihood, established by expert testimony, that the child would suffer emotional trauma from testifying.

First, the undersigned considers whether H.W. would be unable to testify in front of the Defendant because of fear. H.W. is an eight year old boy who was allegedly sexually assaulted by his father. A sexual assault is traumatic to both adults and children. In general, most children would be afraid to testify in a courtroom in front of their alleged attacker. Moreover, an eight year old testifying about being anally penetrated by his father is undoubtedly going to be afraid, anxious, and overwhelmed by the experience. However, it is necessary to determine if the child meets the standard under 3509(b)(1)(B)(i), which requires that the fear stem from actually testifying in front of the defendant.

During the *in camera* interview, H.W. was extremely nervous and struggled in answering several of the questions. His answers were somewhat inconsistent. However, H.W. stated that he would be "nervous" and "kind of afraid" to testify in front of his father. When asked if he would be scared to testify in front of his father, H.W. answered "yes." When asked if he would be scared to testify if his father was not there, H.W. answered "no." Although defense counsel argued that H.W. discussed the sexual abuse allegations with his father in the past, the record does not support that assertion. Apparently, H.W. may have said "something bad happened" to his stepmom when she came to pick him up from the Defendant's house. However, it is unclear where the Defendant was at the exact time H.W. made the statement. Moreover, simply stating that "something bad happened" does not equate to testifying to the specific allegations in front of the Defendant. Furthermore, H.W. stated in chambers that he never has discussed these allegations with his father. Based on H.W's testimony and demeanor, the undersigned concludes that H.W. would be unable to testify in front of his father because of fear.[1]

Next, the undersigned considers whether there is a substantial likelihood that the child would suffer emotional trauma from testifying in front of the Defendant. Defendant argues that Ms. Waters is not a qualified expert witness for the purposes of § 3509(b)(1)(B)(ii). In *United States v. Moses*, 137 F.3d 894 (6th Cir. 1998), the court found that the statue "requires expert testimony to establish trauma." *Id.* at 899. The court defined "'expert' as a 'person with a high degree of skill in or knowledge of a certain subject'" and "'trauma' as a psychiatric term of art meaning an 'emotional wound or shock that creates substantial, lasting damage to the psychological development of a person, often leading to neurosis.'" *Id.* (quoting American Heritage Dictionary of the English Language (3d ed. 1992)).

---

[1] Ms. Waters also testified that she believes that H.W. would be overwhelmed with fear and unable to speak in front of his father.

The expert in *Moses* was an "experienced social worker," who had worked with abused children and attended seminars related to interviewing abused children. *Id.* at 900. The expert also testified in only one other case involving child sexual abuse. *Id.* After noting these facts, the court stated that "the record simply does not reflect that [the expert had] any 'special skill or knowledge' generally relating to trauma." *Id.* Therefore, the court held that "while [the expert] may be an expert in social work, we do not find evidence in the record that she qualifies as an expert for purposes of rendering a psychological or psychiatric opinion under § 3509(b)(1)(B)(ii)." *Id.*

Here, Ms. Waters differs greatly from the social worker in *Moses*. Ms. Waters has a masters in social work and is licensed pursuant to Michigan state law, which means she possess "specialized clinical knowledge and advanced clinical skills in the areas of assessment, diagnosis, and treatment of mental, emotional, and behavioral disorders, conditions and addictions." M.C.L. § 333.18501(g)(iii). Moreover, Ms. Waters has extensive experience in assessing and treating trauma in children who have been sexually abused. For example, she was a child/adolescent therapist at Alger Marquette Community Mental Health Center for twelve years before entering into private practice. She has also recently written a book titled, "Healing the Fractured Child: Diagnosis and Treatment of Youth with Dissociation." Finally, Ms. Waters has been an expert witness in hundreds of cases, including cases in this Court for a hearing under § 3509(b)(1)(B)(ii). *See United States v. Tyrone Wandahsega*, 2:10-cr-34. Therefore, the undersigned finds that Ms. Waters is a qualified expert witness for the purposes of § 3509(b)(1)(B)(ii).

Ms. Waters testified that in her expert opinion H.W. would suffer emotional trauma if he was required to testify in front of the Defendant. She based her opinion on her review of H.W.'s therapy records, her discussion with H.W.'s grandma, and her appointment with H.W.

During the appointment, H.W. told Ms. Waters that he was mad "all the way up to space" at his father and that he would "feel all the way around the word [sic] scared" if he had to testify in front of his father. Ms. Waters states that H.W. suffers from post traumatic stress disorder (PTSD) and other dissociative orders. Some of the symptoms that H.W. has exhibited are (1) soiling himself without noticing; (2) spontaneously speaking in a baby voice; and (3) staring off with glazed eyes and blanking out. Ms. Waters stated that these symptoms are common in children who have been sexually abused. Moreover, she stated that H.W.'s symptoms increased after visiting with his father. Based on these facts, the undersigned concludes that there is a substantial likelihood, based on the expert testimony of Ms. Waters, that the child would suffer emotional trauma from testifying in front of the Defendant.[2]

Accordingly, the undersigned finds that H.W. is unable to testify in front of the Defendant because of fear, and that there is a substantial likelihood that H.W. would suffer emotional trauma from testifying in front of the Defendant. Therefore, the undersigned recommends that the Government's motion (ECF No. 41) be GRANTED, and H.W. should be allowed to testify at trial via two-way closed circuit television. Moreover, pursuant to 18 U.S.C. § 3509(b)(1)(D), defense counsel shall have the ability to communicate with the Defendant contemporaneously while H.W. is testifying.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

---

[2] Although Ms. Waters testified that any child under ten should be permitted to testify via closed circuit television because the child would suffer emotional trauma, the undersigned notes that no such *per se* rule exists. Instead, the undersigned finds that there is a substantial likelihood that H.W. would suffer emotional trauma from testifying in front of his father based on Ms. Water's testimony in this specific case.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  April 12, 2017

                  /s/ Timothy P. Greeley
                 TIMOTHY P. GREELEY
                 UNITED STATES MAGISTRATE JUDGE